# EXHIBIT A

Filing # 153161068 E-Filed 07/12/2022 01:32:36 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

LAURENE SASSINE,

      Plaintiff,

Case No. 2022-012030-CA-01

v.

SEVEN FOR ALL MANKIND, LLC
a Foreign Limited Liability Company,

      Defendant.

_____/

CERTIFIED PROCESS SERVER # 067
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 9·8·22   TIME 9:55 A

## SUMMONS IN A CIVIL CASE

**TO:** SEVEN FOR ALL MANKIND, LLC through its Registered Agent:

CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301-2525

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

JASON S. REMER, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Harvey Ruvin,
Clerk of Courts

7/18/2022

CLERK  217043

(BY) DEPUTY CLERK

DATE

Filing # 152452598 E-Filed 06/29/2022 04:17:51 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

LAURENE SASSINE,

    Plaintiff,

v.

SEVEN FOR ALL MANKIND, LLC
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT

**COMES NOW** Plaintiff, LAURENE SASSINE ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, SEVEN FOR ALL MANKIND, LLC ("Defendant"), and alleges as follows:

1. This is an action by the Plaintiff for damages exceeding $30,000, excluding attorney fees or costs, pursuant to the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA") to redress injuries resulting from Defendant's unlawful, discriminatory treatment of Plaintiff.

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Foreign Limited Liability Company authorized to conduct business in the State of Florida.

4. At all relevant times Defendant was an employer within the meaning of state and federal discrimination law in that it employed 15 or more employees for at least twenty calendar weeks in this year or the previous year.

5. The violations complained of herein occurred in Miami-Dade County, Florida and as such, venue is proper in this Court.

6. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff is a Black woman of Haitian national origin, and within a class of individuals protected by the FCRA.

8. Plaintiff began working for Defendant in 2012 as an assistant manager.

9. Plaintiff was the only Black Haitian female working at that location.

10. Plaintiff's supervisor, Billy Wood, is a white male.

11. In the five years that Plaintiff was employed with Defendant she maintained an exemplary record.

12. However, in October 2019, after Billy Wood assumed his role as Plaintiff's supervisor, Wood created a hostile work environment for Plaintiff and writing her up unnecessarily based on the fact that Billy Wood did not want a black and/or Haitian and/or female manager working the position.

13. Defendant through Billy Wood treated white male non-Haitian supervisory employees such as Alex Melendez different from Plaintiff based on race and/or gender and/or national origin.

14. Plaintiff complained about unfair treatment in the workplace to management of Defendant.

15. Defendant through Billy Wood terminated Plaintiff based on discriminatory intent.

16. Plaintiff was replaced with a white man.

17. Throughout her employment Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times she did perform her job at satisfactory or above-satisfactory levels.

18. Any reason proffered by Defendant for Plaintiff's termination is mere pretext for unlawful discrimination.

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

## COUNT I
### *Race Discrimination in Violation of the FCRA*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 above as if set out in full herein.

21. Plaintiff is a member of a protected class under the FCRA.

22. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's race and subjected the Plaintiff to race-based animosity.

23. Such discrimination was based upon the Plaintiff's race in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Black.

24. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

25. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

26. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

27. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

28. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

29. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

30. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

   d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

   e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

   f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### *National Origin Discrimination in Violation the FCRA*

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

32. Plaintiff is a member of a protected class under the FCRA.

33. By the conduct describe above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's national origin and subjected the Plaintiff to animosity based on national origin.

34. Such discrimination was based upon the Plaintiff's national origin in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is Haitian.

35. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of national origin was unlawful but acted in reckless disregard of the law.

36. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

37. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

38. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

39. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

40. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

41. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

   a. Adjudge and decree that Defendant has violated Title VII, and has done so willfully, intentionally, and with reckless disregard for Plaintiffs' rights;

   b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

   c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

  d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

  e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

  f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Gender Discrimination in Violation of the FCRA*

42. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this Complaint as if set out in full herein.

43. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex/gender.

44. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex/gender-conformity considerations or reasons.

45. The Plaintiff is a female and former employee of Defendant and she possessed the requisite qualifications and skills to perform her position with Defendant.

46. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on her gender.

47. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

48. Moreover, as a further result of the Defendant unlawful gender based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

49. Plaintiff was qualified for her position with Defendant.

50. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

51. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

52. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FCRA, and in addition, order the following additional relief:

   a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

   b. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

   c. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in discriminatory conduct;

d. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

e. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

f. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

g. For a money judgment representing prejudgment interest;

h. Award any other compensation allowed by law including punitive damages and attorney's fees;

i. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

j. Grant PLAINTIFF a trial by jury; and

k. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated: June 29, 2022

Respectfully submitted,

/s/ Jason S. Remer
**Jason S. Remer, Esq.**
Florida Bar No.: 165580
jremer@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 WEST FLAGLER STREET, SUITE 2200
Miami, Florida 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005