UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 22-cv-23221-BLOOM/Otazo-Reyes**

LAUREN SASSINE,

    Plaintiff,

v.

SEVEN FOR ALL MANKIND, LLC,

    Defendants.

_____/

**ORDER ON MOTION TO FILE AMENDED COMPLAINT**

**THIS CAUSE** is before the Court upon Plaintiff Laurene Sassine's Motion to Amend the Complaint, ECF No. [27] ("Motion"), filed on January 17, 2023. Defendant Seven for all Mankind, LLC filed their Response in Opposition, ECF No. [28], to which Plaintiff did not reply. The Court has carefully considered the Motion, the Response, the record in this case and the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

This case arises as a result of alleged employment discrimination on the basis of race, national origin, and gender under the Florida Civil Rights Act of 1992. *See generally* ECF No. [1-4] ("Complaint"). The case was originally filed in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County on June 29, 2022. *See id.* Defendant removed the case to this Court on October 4, 2022. ECF No. [1].

On October 24, 2022, the Court entered its Scheduling Order, ECF No. [11], setting a deadline of December 23, 2022, for amendment of pleadings. In the Motion, Plaintiff requests that the Court grant leave to amend its Complaint to add DG Premium Brands, LLC ("DG") as a

defendant, based upon information recently discovered in light of Defendant's response to a discovery request in which Defendant said DG was Plaintiff's actual employer and that Defendant did not employ Plaintiff. Plaintiff states that she "believes Defendant is conducting bad faith litigation tactics in not simply filing a motion to dismiss or just calling [Plaintiff's counsel] to explain the business structure of the employer." ECF No. [27] ¶ 7. Plaintiff seeks to amend her Complaint to add the additional defendant DG since Defendant claims DG is the proper party.

Defendant opposes the request, contending that Plaintiff had been explicitly notified in its Answer, ECF No. [5], that Plaintiff was suing the wrong party and otherwise had the relevant information before the deadline to amend pleadings. Defendant argues that Plaintiff cannot establish the necessary good cause to amend now that the deadline to do so has passed.

## II.     LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* A plaintiff should be afforded the opportunity to test its claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not ... allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Ultimately, "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

Case No. 22-cv-23221-BLOOM/Otazo-Reyes

A scheduling order may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). When, as here, a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [we] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Accordingly, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa*, 133 F.3d. at 1419. First, the movant must demonstrate good cause under Rule 16(b) of the Federal Rules of Civil Procedure. Good cause exists when the deadline could not "be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting Fed. R. Civ. P. 16 advisory committee note). Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period, (2) whether the information supporting the proposed amendment was available to the movant, and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See id.* at 1419. If the movant demonstrates good cause, the court proceeds to determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.* But, if the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### III.   DISCUSSION

Upon review, Plaintiff fails to show the good cause necessary to justify leave to amend after expiration of the deadline established in the Court's Scheduling Order.

3

Plaintiff contends that good cause exists to grant leave to amend because she has been diligent and only learned of the need to amend because DG was the proper party when she received sworn testimony from Defendant on January 11, 2023. She argues that Defendant has filed confusing pleadings by filing a Counterclaim in which it contends that Plaintiff falsified her time records while also saying they did not employ Plaintiff. She also argues that there is no substantial reason to deny her leave to amend because the "parties have not conducted any depositions in this matter and trial is not scheduled until November 6, 2023." ECF No. [27] at 4. Plaintiff further asserts that Defendant cannot claim prejudice because Defendant has identified the party to be added, DG Premium Brands, LLC, as the proper party.

Defendant responds Plaintiff's counsel had an affirmative obligation to inquire into the factual basis of his client's claims before filing a lawsuit and if she had done so, she would have found that Plaintiff's pay stubs and tax forms were issued by DG. Defendant states that a similar action filed close in time to this case by another attorney at Plaintiff's counsel's law firm on behalf of Plaintiff's former co-worker named the correct defendant. Defendant also states that three other sources of information provided to Plaintiff before the deadline to amend pleadings clearly revealed that DG was the proper party as Plaintiff's employer. They include: (1) a demand letter sent on October 7, 2022, demanding that Plaintiff repay DG damages for time theft; (2) Defendant's Answer filed on October 10, 2022, in which it declared that Plaintiff was employed by DG, not Defendant; and (3) Defendant's confirmation in the parties' Joint Scheduling Report, ECF No. [10], that it would seek a dispositive ruling that Defendant was not Plaintiff's employer.

In *Sosa*, the Eleventh Circuit considered a similar case in which a district court denied a plaintiff's motion to amend her complaint to add another employer so closely integrated to her own that the two together could be considered a single employer. *Sosa*, 133 F.3d at 1418. In that

4

case, the court confirmed that the correct standard to be applied is Rule 16(b)'s good cause requirement. *Id*. at 1419. The Court found that "Sosa's attempt to add a defendant outside the time frame prescribed by the scheduling order was not supported by good cause" where she had been aware that the second employer existed and had a closely integrated relationship with her employer since she began working for them. *Id*.

Similarly, Plaintiff knew that DG issued her paychecks and tax forms, and was on sufficient notice of Defendant's position that DG was the proper party based on its Answer to the Complaint. The Court therefore finds that Plaintiff had the relevant information prior to the deadline to amend pleadings. Plaintiff has failed to show good cause for the Court to modify its scheduling order and grant leave to Amend the Complaint.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [27]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 17, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record